# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GARY WALLACE,

        Plaintiff,

vs.

CLAUDIA ROMNEY, *et al.*,

        Defendants.

Case No. 2:15-cv-01474-RFB-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on August 3, 2015.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his attorney, public defender Claudia Romney,[1] conspired with District Attorney Steven Wolfson and doctors, James Zinser, Todd Fasulo, and Thomas D. Dillard, Jr., to deprive Plaintiff of his Sixth Amendment right to a speedy trial. Plaintiff alleges that Defendants falsely imprisoned him for ten (10) months because he would not take a specific plea deal. As a result of Plaintiff's alleged false imprisonment, Plaintiff was subjected to physical and mental abuse. Plaintiff now seeks compensatory damages.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

---

[1] Plaintiff's complaint erroneously lists his public defender as Claudia "Romey".

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

1  *Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,
2  it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
3  of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265,
4  286 (1986)). The court must accept as true all well-pled factual allegations contained in the
5  complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.
6  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not
7  suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from
8  plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

9  **III.    Instant Complaint**

10          **A.    Plaintiff's § 1983 Claim**

11          42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by
12  the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to
13  state a claim under  § 1983, a plaintiff "must allege the violation of a right secured by the
14  Constitution and the laws of the United States, and must show that the alleged deprivation was
15  committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A
16  person acts under color of state law when he or she "exercises power possessed by virtue of state
17  law and made possible only because the wrongdoer is clothed with the authority of state law." *West*
18  *v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "A
19  public employee acts under color of state law while acting in his official capacity or while
20  exercising his responsibilities pursuant to state law." *Id.*

21                  **1.    Plaintiff's Claim Against Public Defender Claudia Romney**

22          When public defenders act in their role as advocate, they are not acting under color of state
23  law for § 1983 purposes. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Jackson v. Brown*,
24  513 F.3d 1057, 1079 (9th Cir. 2008). This is because public defenders' conduct as legal advocates
25  is controlled by rules of professional conduct, which is independent of the administrative direction
26  of a supervisor. *See Vermont v. Brillon*, 556 U.S. 81, 92 (2009). Here, Plaintiff asserts claims
27  against public defender Claudia Romney for conduct taken in her role as Plaintiff's advocate. Ms.
28  Romney was therefore not "acting under color of law" for § 1983 purposes. As a result, the Court

1 recommends dismissal of Plaintiff's claim against Claudia Romney with prejudice for failure to
2 state a claim upon which relief can be granted.

### 2. Plaintiff's Claims Against District Attorney Steven B. Wolfson

In the complaint, Plaintiff brings suit against Clark County District Attorney Steven Wolfson based on allegations that he maliciously prosecuted Plaintiff by intentionally stalling the court proceedings so that Plaintiff would be unable to have his trial within sixty (60) days. Plaintiff also claims that Mr. Wolfson falsely imprisoned him. Prosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Patchtman,* 424 U.S. 409 (1976); *see also Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir.2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case). Here, Plaintiff's allegations relate to functions intimately associated with a criminal prosecution. As a result, Plaintiff's claims against District Attorney Steven Wolfson must be dismissed on grounds of prosecutorial immunity. *Imbler,* 424 U.S. 409; 28 U.S.C. § 1915A(b)(2). Consequently, Plaintiff fails to state a claim upon which relief may be granted. The Court recommends Plaintiff's claim against Steven Wolfson be dismissed with prejudice because it is clear from the face of the complaint that the deficiencies cannot be cured with amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

### 3. Plaintiff's Claims Against James Zinser, Todd Fasulo, and Thomas D. Dillard, Jr.

To state a viable § 1983 claim against medical centers and its personnel, Plaintiff must allege that the physician was "acting under color of state law" when the constitutional violation occurred. Private hospitals and their staff may constitute state actors under § 1983 in certain circumstances. For instance, physicians who contract with prisons to provide medical services are acting under color of state law for § 1983 purposes. *See West v. Atkins*, 487 U.S. 42, 53–54 (1988); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam). Plaintiff claims that doctors James Zinser, Todd Fasulo, and Thomas D. Dillard, Jr. violated his constitutional right

1  to a speedy trial when they conspired with Plaintiff's public defender, the district attorney, and the
2  court to stop or slow down the proceedings.

3        As to James Zinser, Plaintiff's complaint does not specifically allege that Mr. Zinser worked
4  for a medical center that contracted with Clark County Detention Center ("CCDC") to provide
5  medical services. However, Plaintiff alluded to this fact in the exhibit attached to Plaintiff's
6  Complaint. The attachment is part of an affidavit supplied by Mr. Zinser which stated that Mr.
7  Zinser worked for Naphcare, Inc., which is a health care provider that contracted with Clark County
8  to provide medical services at the CCDC. The Court will take this affidavit into consideration to
9  determine whether Plaintiff has sufficiently pled a claim against Mr. Zinser. *See Van Bsuskirk v.*
10  *Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002) (holding that the Ninth Circuit's
11  "incorporation by reference" rule allows a court to look beyond the face of the complaint without
12  converting a Rule 12(b)(6) motion to dismiss to a motion for summary judgment); *see also Barron*
13  *v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Plaintiff asserts claims of conspiracy, false
14  imprisonment, torture, and abuse against Mr. Zinser as well as a violation of Plaintiff's Sixth
15  Amendment right to a speedy trial. Specifically, Plaintiff asserts that Mr. Zinser made false reports
16  that resulted in Plaintiff being taken to the suicide unit of CCDC, thereby causing the delay in
17  Plaintiff's state court proceedings and extending the length of Plaintiff's pretrial detention. Given
18  the requisite liberal construction of the complaint, the Court finds that Plaintiff has sufficiently pled
19  a claim against James Zinser.

20        However, Plaintiff failed to supply the Court with information relating to Todd Fasulo and
21  Thomas D. Dillard, Esq. The Court is uncertain what medical center either Mr. Fasulo or Mr.
22  Dillard are employed by and whether those medical centers contract with state prisons to provide
23  medical services to inmates. It is also unclear whether either Mr. Fasulo or Mr. Dillard are in fact
24  medical providers. Therefore, the Court is unable to determine whether Mr. Fasulo or Mr. Dillard
25  were acting under color of state law for section 1983 purposes. The Court, however, will allow
26  Plaintiff to amend his complaint to amend the stated deficiencies. If Plaintiff chooses to file an
27  amended complaint, he should amend his pleading to include such allegations.
28  . . .

In the event Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claims may proceed as to James Zinser.

**IT IS FURTHER ORDERED** that Plaintiff's claims as to Todd Fasulo and Thomas D. Dillard, Jr. are **dismissed** without prejudice with leave to amend. Plaintiff shall have until **Friday, April 29, 2016** to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order will result in the dismissal of this action as to Defendants Todd Fasulo and Thomas D. Dillard, Jr.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendant, James Zinser, named in the Complaint (#1-1) and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice

with the court identifying if Defendant was served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or his attorney if he has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or his counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Claudia Romney and Steven Wolfson be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of March, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge