UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY WALLACE, | Case No. 2:15-cv-01474 |
| Plaintiff, | **ORDER** |
| v. | |
| CLAUDIA ROMNEY, *et al.*, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Reconsider (ECF No. 8) its order adopting Magistrate Judge George Foley Jr.'s Report and Recommendation.

**I.   BACKGROUND**

Plaintiff is a *pro se* litigant bringing this action under 42 U.S.C. § 1983. Plaintiff, in his complaint (ECF No. 3) alleges that his attorney, public defender Claudia Romney, conspired with District Attorney Steven Wolfson and defendants, Todd Fasulo, Thomas D. Dillard Jr., and James Zinser to deprive him of his Sixth Amendment right to a speedy trial. Plaintiff alleges that Defendants delayed his trial for ten months because he refused to take a plea deal, and that this resulted in him suffering both mental and physical harm while at Clark County Detention Center.

On August 3, 2015, Plaintiff filed a motion/application for leave to file in forma pauperis, along with an attached complaint. ECF No. 1. On March 30, 2016, Plaintiff's complaint was filed asserting claims under 42 U.S.C. § 1983 against Claudia Romney, Steven Wolfson, Todd Fasulo, Thomas D. Dillard Jr., and James Zinser. ECF No. 3. On March 30, 2016, after screening Plaintiff's complaint, Judge Foley issued an order granting Plaintiff's application to proceed in forma pauperis, allowing Plaintiff's claims against Zinser to proceed, and dismissing Plaintiff's claims against Fasulo and Dillard without prejudice with leave to amend for failing to make sufficient allegations as to action under color of state law. ECF No. 2. Further, Judge Foley recommended

Plaintiff's claims against Romney be dismissed with prejudice because she was not "acting under color of state law" for § 1983 purposes while she was Plaintiff's advocate. ECF No. 2. Additionally, Judge Foley recommended Wolfson be dismissed with prejudice because prosecutorial immunity prevents him from being subject to civil suits for damages under § 1983. ECF No. 2. Plaintiff did not file an objection to Judge Foley's Report and Recommendation.

On May 3, 2016, this Court issued an order accepting and adopting in full Judge Foley's Report and Recommendation. ECF No. 6. On May 10, 2016, Plaintiff filed a Motion to Reconsider this court's order adopting Judge Foley's Report and Recommendation. ECF No. 8. On June 7, 2016, Plaintiff filed exhibits supporting this Motion to Reconsider. ECF No. 9. These exhibits contain court filings from Plaintiff's guardianship proceedings demonstrating that Fasulo was appointed as Plaintiff's temporary special guardian while Plaintiff was an inmate at Clark County Detention Center. ECF No. 9. Moreover, these court filings show that Dillard was an attorney who represented the Las Vegas Metropolitan Police Department, and specifically, Fasulo during the temporary special guardianship proceedings regarding Plaintiff. ECF No. 9.

On December 13, 2016, Plaintiff filed a notice of appeal to the U.S. Court of Appeals, Ninth Circuit regarding this Court's order. ECF No. 11. On January 17, 2017, the Ninth Circuit issued an order dismissing Plaintiff's notice of appeal. ECF. No. 17.

## II.   LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation

omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1. However, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2003) (citations omitted).

### III. DISCUSSION

In his Motion to Reconsider, Plaintiff repeats his § 1983 arguments and attempts to cure the defects in his complaint that Judge Foley noted as being the basis for dismissing Plaintiff's claims against Fasulo and Dillard. Defendants did not file a response to Plaintiff's Motion to Reconsider.

#### A. Allegations Against Romney and Wolfson

Judge Foley recommended dismissing Plaintiff's claims against Romney with prejudice because she was not "acting under color of state law" for § 1983 purposes while she was Plaintiff's advocate. Further, Judge Foley recommended dismissing Plaintiff's claim against Wolfson with prejudice because prosecutorial immunity prevents him from being subject to civil suits for damages under § 1983. This Court adopted both findings in its order.

Plaintiff's does not directly argue why this Court should reconsider the dismissal of Romney and Wolfson. However, Plaintiff does repeat arguments under § 1983 already presented in his complaint, and provided portions of his complaint asserting claims against Romney and Wolfson as exhibits. These repeated arguments and allegations already presented in Plaintiff's complaint cannot serve as a basis for reconsideration. Moreover, Plaintiff has not presented any newly discovered evidence, demonstrated that the Court committed clear error, or that there has been an intervening change in the law regarding his claims against Romney and Wolfson. Therefore, Plaintiff's Motion to Reconsider cannot succeed as to these defendants.

#### B. Allegations Against Fasulo and Dillard

Judge Foley dismissed Plaintiff's claims against Fasulo and Dillard without prejudice with leave to amend for failing to provide evidence relating to those defendants. Plaintiff in his complaint listed Fasulo and Dillard as doctors, and Judge Foley stated it was unclear "what medical

center either…are employed by" or "whether either…are in fact medical providers." ECF No. 2. Plaintiff does not directly argue why the dismissal of these defendants should be reconsidered, but attempts to cure the defects in his complaint by attaching exhibits clarifying what Fasulo and Dillard's roles were in this matter. Plaintiff does not argue that his original allegations were erroneously held not to have stated a claim. Plaintiff did not object to the Report and Recommendation and did not move to amend. Therefore, the Court will not reconsider the denial without prejudice of these claims. However, Plaintiff may amend his complaint to include allegations clarifying how and in what capacity these Defendants acted under color of state law.

Plaintiff has provided court filings from his guardianship proceeding showing that Fasulo was the Deputy Chief of the Las Vegas Metropolitan Police Department's Detention Services Division. ECF No. 9. Moreover, these court filings that Plaintiff has provided also demonstrate that Fasulo was appointed to act as a temporary special guardian for purposes of making any and all health care decisions for Plaintiff while he was an inmate at Clark County Detention Center. ECF No. 9. Also, they show that Dillard was an attorney who represented the Las Vegas Metropolitan Police Department, and specifically, Fasulo throughout the temporary special guardian proceedings. ECF No. 9. These court filings address the deficiencies that Judge Foley noted in his Report and Recommendation.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 8) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff shall have 45 days to amend his complaint to reassert claims against Fasulo and Dillard. Plaintiff may include the court filings from his guardianship proceedings in his amended complaint.

**DATED**: <u>March 21, 2017</u>.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**